229-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
DEVAL SHIPPING & TRADING CO.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEVAL DENIZCILIK VE TICARET A.S.,

                      Plaintiff,

    -against-

REPINTER INTERNATIONAL SHIPPING
CO. SA. and MIACHART CORPORATION LLC,

                    Defendants.
------------------------------------------------------------------x

07-Civ- 3397

VERIFIED COMPLAINT



    Plaintiff, DEVAL DENIZCILIK VE TICARET A.S.., (hereinafter "DEVAL") by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants REPINTER INTERNATIONAL SHIPPING CO. LTD. (hereinafter "REPINTER") and MIACHART CORPORATION (hereinafter "MIACHART"), alleges upon information and belief as follows:

    1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of ships agency. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action

NYDOCS1/282309.1

arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff DEVAL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Fahrettin Kerim Gokay Cad. No. 14, Denizciler ÝÞ Merkezi B. Blok Floor 3/4, Altunizade, Uskudar, Istanbul, Turkey.

3. At all times relevant hereto, Defendant REPINTER was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at Guatemala.

4. At all times relevant hereto, Defendant MIACHART was and still is a U.S. business entity duly organized and existing under the laws of Florida with an office and place of business at 7330 NW 12th Street, Suite 102, Miami, Florida, 33126, USA.

5. On or about April 13, 2006, Plaintiff DEVAL, as owner, and Defendant REPINTER, as charterer, entered into a maritime contract of charter party on an amended NYPE form for the use and operation of the M/V ORHAN DEVAL over a period of about nine to twelve months plus or minus fifteen days in charterer's option.

6. The performance of Defendant REPINTER under the charter party was fully guaranteed by Defendant MIACHART.

7. During cargo operations at Tanjung Manis and Bintulu on or about January 2007, the vessel sustained significant damage to her deck, holds and log stanchions as a result of the improper and negligent practice of stevedores which had been hired and retained by one or more non-parties which had sub-chartered the vessel from REPINTER or its sub-charterer.

NYDOCS1/282309.1                                2

8. Said damages were so severe that the vessel was required by her classification society to undergo repairs prior to being able to continue trading once REPINTER had allowed the classification society to inspect her.

9. The vessel is presently underway to Turkey where she will undergo repairs.

10. Pursuant to the terms of the charter party, Defendants REPINTER and its guarantor MIACHART are responsible for all damages incurred by DEVAL caused by stevedoring operations.

11. As presently as can now be best estimated, the cost of repairs, loss of profit during the time the vessel will undergo repairs, and other associated costs will total $700,000.00.

12. Despite due demand by Plaintiff DEVAL, Defendants REPINTER and MIACHART have failed and otherwise refused to pay for the repairs, loss of profits and associated costs.

13. Pursuant to the terms of the charter party contract, all disputes arising thereunder are to be submitted to London arbitration with English law to apply.

14. Plaintiff DEVAL will soon commence London arbitration proceeding as against Defendants REPINTER and MIACHART in accordance with the terms of the contract.

15. Plaintiff expressly reserves its right to arbitrate the substantive matters at issue.

16. Upon information and belief, and after investigation, Defendants REPINTER and MIACHART cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights,

sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendants (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

17. As presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by DEVAL against REPINTER and MIACHART includes:

(a) Costs of repairs, loss of profits during the time of repairs, and other associated costs in the sum of $700,000.00;

(b) Interest in the amount of $187,769.26, calculated on the above sum at the rate of 8% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award, which interest is recoverable under English law;

(c) Legal fees, arbitrator fees and costs that will be incurred by in respect to the London arbitration which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $300,000.00;

**For a total sought to be attached of $1,187,769.26.**

WHEREFORE, Plaintiff DEVAL SHIPPING & TRADING CO. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $700,000.00, plus interest, costs and attorneys fees;

b. That since Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to and including the sum of $1,187,769.26, be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendants (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

  d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
   April 30, 2007

         FREEHILL HOGAN & MAHAR, LLP
         Attorneys for Plaintiff
         DEVAL SHIPPING & TRADING CO.

By: _____
  Michael E. Unger (MU 0045)
  Lawrence J. Kahn (LK 5215)
  80 Pine Street
  New York, NY 10005
  (212) 425-1900
  (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

    MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.    I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.    The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.    The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
30th day of April, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/282309.1    6