KEANE & MARLOWE, LLP
Attorneys for Defendants
REPINTER INTERNATIONAL SHIPPING CO. LTD.
and MIACHART CORPORATION
197 Route 18 South, Suite 3000
East Brunswick, N.J. 08816
(732) 951-8300
Mary Ann C. Marlowe ( MM-0723)
Christopher P. Keane (CK-4394)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DEVAL DENIZCILIK VE TICARET A.S.,

                        Plaintiff,

-against-                                                07 Civil 3397 (JGK)

REPINTER INTERNATIONAL SHIPPING
CO. S.A.  and MIACHART CORPORATION
LLC.,

                        Defendants.
-------------------------------------------------------------x

### VERIFIED ANSWER AND COUNTERCLAIMS

        Defendants, Repinter International Shipping Co. S.A. (hereinafter "Repinter")

and Miachart Corporation LLC (hereinafter "Miachart"), (hereinafter collectively

"Defendants" or "Charterers"), through their undersigned attorneys, for their Answer and

Counterclaim, hereby allege:

        1. Admit the allegations of paragraph 1 of the Verified Complaint.

        2. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the Verified Complaint.

        3. Admit the allegations contained in paragraph 3 of the Verified Complaint.

        4. Admit the allegations contained in paragraph 4 of the Verified Complaint.

5. Admit the allegations contained in paragraph 5 of the Verified Complaint.

6. Deny the allegations contained in paragraph 6 of the Verified Complaint.

7. Deny the allegations contained in paragraph 7 of the Verified Complaint.

8. Deny the allegations contained in paragraph 8 of the Verified Complaint.

9. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Verified Complaint.

10. Deny the allegations contained in paragraph 10 of the Verified Complaint.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Verified Complaint.

12. Deny that Defendants have any liability for any of the alleged damages referred to in paragraph 12 of the Verified Complaint.

13. Admit the allegations contained in paragraph 13 of the Verified Complaint.

14. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Verified Complaint. However, despite demands from Defendants for Plaintiff to commence arbitration proceedings by nominating an arbitrator, Plaintiff has failed to do so to date.

15. Paragraph 15 of the Verified Complaint does not contain any allegations which require a response on the part of Defendants.

16. Admit the allegations contained in paragraph 16 of the Verified Complaint.

17. Deny that Defendants are liable for any of the amounts set forth in paragraph 17 of the Verified Complaint and leave Plaintiff to its proofs .

## AS AN AFFIRMATIVE DEFENSE

18. Defendants reserve the right to submit all claims to arbitration in London and to have this action dismissed or stayed pending arbitration in London.

## AS A COUNTERCLAIM

19. Pursuant to the terms of a time charter party dated April 13, 2006, Defendants, as "Charterers," chartered the M.V. ORHAN DEVAL (the "Vessel") from Plaintiff, Deval Denizcilik Ve Ticaret A.S. (hereinafter "Plaintiff" or "Owners"), for a period of nine (9) to twelve (12) months plus or minus fifteen (15) days in Defendants' option (hereinafter "Charter No. 1").

20. On November 16, 2006, Defendants sub time-chartered the Vessel (hereinafter "Charter No. 2") to Belrussian Shipping Co. (hereinafter "BSC" or "Sub Charterers").

21. Pursuant to a sub sub time charter, also known as a "trip time charter," dated January 8, 2007 (hereinafter "Charter No. 3"), BSC chartered the Vessel to Wajilam Exports (Singapore) Private Limited a.k.a. Wajilam Exports Pte. Ltd. (hereinafter "Wajilam") for one trip to carry a cargo of logs.

22. Pursuant to the terms of all three of the above-noted charter parties, all disputes arising thereunder are to be submitted to London arbitration with English law to apply.

23. Several claims have arisen under the above-noted charter parties which are now the subject of three separate Supplemental Rule B attachment proceedings commenced in the United States District Court for the Southern District of New York. These three separate actions have not to date been consolidated.

## CHARTER NO. 1

### Plaintiff's Claims Against Defendants

24.  As a result of the instant Verified Complaint filed by Plaintiff against Defendants on April 30, 2007 arising out of Charter No. 1, funds belonging to the Defendants in the amount of US$434,425.87 have been attached to provide security in connection with a London arbitration Plaintiff has yet to commence.

25.  Plaintiff, however, continues to seek security in the total amount of US$1,187,769.26 representing alleged physical damage to the Vessel, purportedly the result of the alleged negligence of stevedores retained of the sub charterers (BSC) to whom Defendants had sub chartered the Vessel and/or the alleged negligence of the sub sub charterers (Wajilam).

26.  The total amount of security Plaintiff seeks is comprised of the cost of repairs, loss of profits and undefined "associated costs," as well as projected interest and expenses. (See Verified Compl. Para. 17)

27.  Defendants have tendered a Letter of Undertaking ("LOU") issued by Michael Else and Company Limited, agents for the Charterers' P&I Club, on behalf of Defendants in the amount of US$1,187,769.26 reflecting the full amount of Plaintiff's alleged claims in exchange for the immediate vacatur of the attachment noted in paragraph 24, supra, herein.

28.  Plaintiff has wrongfully refused to accept Defendants' tender of substitute security, knowing full well that LOUs issued by the underwriting agents for Defendants'

P&I Club have historically and consistently been deemed acceptable substitute security by both plaintiffs and this Court alike.

29. Plaintiff's wrongful refusal to accept Defendants' tender and release the funds now attached has caused and will continue to cause Defendants extreme hardship in their efforts to conduct their daily business activities. Moreover, Plaintiff's wrongful refusal in light of the more than adequate substitute security offered is an obvious tactical device to gain unilateral leverage in the upcoming London arbitration.

### Defendants' Counterclaims Against Plaintiff

30. Defendants bring this Rule E(7) motion for countersecurity against the Plaintiff based upon the loss of hire withheld and/or not paid to Defendants by BSC as a result of Plaintiff's breaches of Charter No. 1 and the claims asserted by BSC against the Defendants for which the Plaintiff ultimately may be held liable in the London arbitration.

31. During the course of Charter No. 1, Plaintiff wrongfully demanded that Defendants carry out repairs, despite the fact that the Master, Plaintiff's agent and employee, had previously accepted a payment from the Sub-Sub Charterers (Wajilam) in full and final settlement of the alleged stevedore damage.

32. Plaintiff wrongfully demanded that Defendants carry out repairs of pre-existing damage which pre-dated the operations performed during Charter Nos. 2 and 3.

33. Plaintiff wrongfully demanded the repair of minor damage which did not affect the vessel's seaworthiness or trading capabilities, in breach of its agreement,

pursuant to Clause 32 of the charter party to hold over these minor repairs until the next scheduled dry-docking.

34. Plaintiff wrongfully demanded the repair of "wear and tear" damage, in breach of its agreement pursuant to clause 32 of the charter party that this would be excluded from Charterers' responsibility.

35. Plaintiff wrongfully demanded the repair of ordinary and inevitable damage of the type caused in the normal course of loading and discharging operations involving log cargoes, the risk of which Owners contracted to bear when agreeing to carry 2 cargoes of logs during the charter period in clause 66; the Charterers being liable pursuant to clause 32 of the charter party only for negligent cargo handling.

36. Further, and in breach of Owners' obligations under Clause 8 and/or their implied duty to assist Charterers in the performance of their own obligations under the charter party, the Master and/or crew not only failed to assist Defendants in carrying out the repairs Defendants were prepared to make under reservation of their rights, but actually obstructed Defendants' efforts to do so.

37. As a result, the Plaintiff caused and will continue to cause Defendants damages in the following amounts:

(a) USD556,127 in hire withheld from and/or not paid to Charterers by their Sub-Charterers, BSC, by reason of Owners' breaches of Charter (which breaches culminated in Sub-Charterers terminating the Sub-Charter because of the Master's failure to allow access for the repair teams);

(b) USD390,322 to cover Charterers' exposure to Sub-Charterers' own claim brought against them as a result of Owners'/the Master's actions; a claim which

they have sought to secure by way of a Rule B attachment now also before this Court. (See Docket No. 07-cv-03151 (LTS)) ;

      (c) Estimated interest on these two principal amounts (using the same measure adopted by Owners, 8% over 3 years) compounded at quarterly rates: USD253,877;

      (d) Costs (using the same figures adopted by Owners): USD300, 000. TOTAL: US$1,500,326.00

WHEREFORE, Defendants/Counterclaimants pray as follows:

      1.  That the Court vacate Plaintiff's writ of attachment previously ordered on the basis of the sufficiency of the Letter of Undertaking issued by Michael Else and Company Limited, agents for the Charterers' P&I Club, on behalf of Defendants;

      2.  That the Court, in accordance with the provisions of Rule E(7), direct Plaintiff, Deval Denizcilik Ve Ticaret A.S., to post a bond, a letter of undertaking issued by Plaintiff's P & I Club, or other acceptable security in the usual form in the amount of $1,500,326.00 as security to respond in damages to the claims set forth in the Counterclaims herein;

      3.  That the matter be otherwise stayed pending arbitration in London;

      4.  That the Court enter judgment against Plaintiff and in favor of Defendants/Counterclaimants in the amount of any London arbitration award obtained by Defendants/Counterclaimants against Plaintiff; plus interest, costs and attorneys' fees;

      5.  That such judgment be satisfied by the security posted by Plaintiff; and

6. That the Court grant Defendants/Counterclaimants such other, further, and

different relief as may be just, proper, and equitable in the circumstances.


Dated:  New York, New York
        May 22, 2007


                                    KEANE & MARLOWE
                                    Attorneys for Defendants
                                    Repinter International Shipping Co. S.A.
                                    and Miachart Corporation LLC



                                    Mary Ann C. Marlowe ( MM-0723)
                                    Christopher P. Keane   (CK 4394)
                                    197 Route 18 South, Suite 3000
                                    East Brunswick, New Jersey 08816
                                    (732) 951-8300


                                    300 Park Avenue – 17th Floor
                                    New York, New York 10022
                                    (212) 572-6210



TO:  Freehill, Hogan & Mahar, LLP
      Attn:  Michael Unger, Esq.
             Lawrency Kahn, Esq.
      Attorneys for Plaintiff
      Deval Shipping & Trading Co.
      80 Pine Street
      New York, New York 10005
       (212) 425-1900

## VERIFICATION

State of New York   )
                   ) ss.:
County of New York  )

        MARY ANN C. MARLOWE, being duly sworn, deposes and says:

        1.  I am a member of the Bar of this Honorable Court and of the firm of Keane & Marlowe, LLP, attorneys for Defendants/Counterclaimants Repinter International Shipping Co. S.A. and Miachart Corporation LLC, and am authorized to make this Verification on their behalf.

        2.  I have read the foregoing Verified Answer and Counterclaims and the contents thereof are true and accurate to the best of my knowledge, information and belief.

        3.  The reason this Verification is made by me and not the Defendants/Counterclaimants is that the Defendants/Counterclaimants are corporations, none of whose officers are present in this District.

        4.  The source of my knowledge and belief is information and documents furnished to me by Defendants/Counterclaimants and their English solicitors, all of which I believe to be true and accurate.

                                 Mary Ann C. Marlowe (MM 0723)

Sworn to before me this
𝜕𝜕ₙ𝒬 day of May 2007

_____
Notary Public

CHRISTOPHER P. KEANE JR.
NOTARY PUBLIC STATE OF NEW YORK
NO. 02KE504610
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES JULY 3 2007

9