**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……...…….……………………………………….………ii

PRELIMINARY STATEMENT……………………………………………………….….1

REPLY TO PLAINTIFF'S BACKGROUND FACTS……………………………………...1

ARGUMENT……………………………………..…………………………………….5

POINT I.    THIS COURT HAS THE AUTHORITY TO RULE UPON THE ADEQUACY OF ANY SUBSTITUTE SECURITY TENDERED BY DEFENDANTS.………5

    A.    This Court's Ruling on the Sufficiency of Substitute Security Tendered to Release Attached Property is Discretionary……………......…………………………..6

    B.    The Adequacy of Substitute Security is Determined on a Case-by-Case Basis......8

        1.    Compelling defendants to post a bond, absent "unusual" circumstances, flies in the face of the long standing practice of accepting LOUs as substitute security to release attached/arrested property…………………..9

        2.    Compelling defendants to post a bond absent a showing of good cause would bring about an inequitable result, undermine the very purpose of the applicable Supplemental Admiralty Rules, and set an undesirable precedent for future litigants and liability insurers..…………………….10

        3.    Plaintiff impliedly accepted letters of undertaking issued by the Charterers P&I Club at the time of contracting………………………….12

POINT II.    THIS COURT HAS ALREADY RECOGNIZED THE ACCEPTABILITY OF THE CHARTERERS P&I CLUB LOUs………………….…..………………14

CONCLUSION…………………………………………………………………….…..15