# EXHIBIT D

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.Δ
THOMAS M. RUSSO
THOMAS M. CANEVARI †
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*Δ
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*Δ
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ**†
DANIEL J. FITZGERALD*†Δ
MICHAEL C. ELLIOTT*

*ALSO ADMITTED IN NEW JERSEY
†ALSO ADMITTED IN CONNECTICUT
ΔALSO ADMITTED IN WASHINGTON, D.C.
*ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759
TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE: (973) 623-5514
FACSIMILE: (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE: (203) 358-8377

June 4, 2007

Our Ref: 229-07/MEU

Total Number of Pages: 2

Via Telefax (212) 805-7912

Honorable John G. Koeltl
United States District Judge
United States Court House
500 Pearl Street, Room 910
New York, NY 10007-1581

Re:    DEVAL SHIPPING & TRADING CO. v. REPINTER INTERNATIONAL
       SHIPPING CO. LTD. and MIACHART CORPORATION
       07cv3397 (JGK) - SDNY

Dear Judge Koeltl,

On behalf of Plaintiff Deval Shipping & Trading Co., we write to advise the Court of an issue which arose following the conference held in this matter on Friday, June 1, 2007.

As the Court may recall, Deval takes the position that the Letter of Undertaking (LOU) being offered on behalf of Defendants Repinter International and Miachart Corporation by "The Charterers' P&I Club", as signed by Michael Else & Company Ltd. as underwriting agents for and on behalf of C.R. O'Farrell Syndicate (Lloyds' Syndicate Number 1036) is not acceptable security for a number of reasons. In particular, prior to the conference on Friday we had been advised by Deval's London solicitor that he received word from a broker at Lloyd's of London that Syndicate 1036 was in "runoff" and not writing any new insurance policies. Following the conference, Ms. Marlowe, on behalf of Defendants advised that she had been told Syndicate 1036 is not in runoff. This morning I again checked with the London solicitor for Deval who confirmed the advice that Syndicate 1036 is, indeed, in runoff.

Hon. John G. Koeltl                      2
June 4, 2007
Page 2

Whether the syndicate is in runoff or is active in some other form is a question which, among other issues, bears upon whether the proffered LOU is acceptable substitute security for the defendants' funds which have been restrained pursuant to the Process served upon the garnishee banks in this case. The December 31, 2006 annual report for Syndicate 1036 indicates Syndicate 1036 apparently merged into "Umbrella Syndicate 2999" as of 2005 and now "reports as a sub-syndicate within the Syndicate 2999 accounts". Neither we nor Deval's London solicitors are experts in the Lloyds Insurance Market and thus neither of us possess knowledge as to whether a sub-syndicate is able to issue LOUs, and if so whether the financial backing for such LOU is solid.

Prior to the conference, Deval's solicitor have attempted to contact Syndicate 1036 since May 25 by telephone, telefax and e-mail in order to confirm whether Michael Else & Co. are currently authorized to issue an LOU on behalf of the syndicate for Plaintiff's claim, in light of the fact that the Power of Attorney which had been provided is dated February 20, 2007 among other issues. Unfortunately, Deval's London solicitors' e-mails and telephone calls have remained unanswered. These difficulties in communication do not bode well for any future enforcement procedure.

Despite that Rule E(5)(a) discusses only a bond as substitute security for funds restrained pursuant to Rule B, Deval is willing to accept a satisfactory LOU (or a bank guarantee or letter of credit) so long as Plaintiff is assured it will be able to present the LOU to an identified source who will honor it and pay over $1.1 million at the conclusion of a successful arbitration whenever that may be. Deval should not, however, be put to the expense of having to hire independent experts to undertake to sort out whether a Syndicate 1036 backed LOU is acceptable substitute security. Rather, it should be the burden of the defendants who are proposing the syndicate backed LOU to demonstrate its suitability so that Deval has the necessary level of comfort to accept a piece of paper in lieu of cash as security for its claims.

Rather than trouble the Court with these issues, inasmuch as the substitute security Defendants suggest Plaintiff accept will be posted and drawn upon in London, we believe that the most expeditious way forward is for the London solicitors to attempt to work out amongst themselves the security issue.

We thank the Court for its courtesy and attention to the foregoing.

Respectfully,
FREEHILL HOGAN & MAHAR

Michael E. Unger

MEU/mc

cc:    By Email
       Mary Ann Marlowe, Esq.
       Keane & Marlowe, LLP

FREEHILL HOGAN & MAHAR LLP