# EXHIBIT E

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.∆
THOMAS M. RUSSO
THOMAS M. CANEVARI †
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*∆
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*∆
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ**†
DANIEL J. FITZGERALD*†∆
MICHAEL C. ELLIOTT*

*ALSO ADMITTED IN NEW JERSEY
†ALSO ADMITTED IN CONNECTICUT
∆ALSO ADMITTED IN WASHINGTON, D.C.
*ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759
TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, N.J. 07306
TELEPHONE: (973) 623-5514
FACSIMILE: (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE: (203) 358-8377

June 5, 2007

Our Ref: 229-07/MEU

Total Number of Pages: 3

Via Telefax (212) 805-7912

Honorable John G. Koeltl
United States District Judge
United States Court House
500 Pearl Street, Room 910
New York, NY 10007-1581

    Re:    DEVAL SHIPPING & TRADING CO. v. REPINTER INTERNATIONAL SHIPPING CO. LTD. and MIACHART CORPORATION
07cv3397 (JGK) - SDNY

Dear Judge Koeltl,

    On behalf of Plaintiff Deval Shipping & Trading Co., we write in response to the yesterday's telefax from Defendants' counsel.

    Currently before the Court is Defendants' motion to compel Plaintiff to accept an LOU as substitute security for funds restrained pursuant to Rule B. It is plain from the text of Rule E(5)(a) that the only substitute security which a Plaintiff must accept is a bond. Nonetheless, Plaintiff has indicated repeatedly that it is willing to accept certain other forms of substitute security, including an LOU, so long as that substitute security is reasonably certain to result in payment to Plaintiff within a reasonable time upon proper demand.

Hon. John G. Koeltl                          2
June 5, 2007

       Much has been made of the issue of whether the C.R. O'Farrell Syndicate (Lloyds' Syndicate Number 1036) is or was in run-off.[1] What is clear, even from the submissions of Defendants' counsel, is that Syndicate 1036 underwent a change in its structure as of 2005 and is now apparently part of a complex and convoluted chain of seven entities.[2] Plaintiff has asked the simple question: In the event that Plaintiff's claim is successful, who is to pay the money under the LOU? To date, no response has been received. Plaintiff's own multiple inquiries with Syndicate 1036 have all gone unanswered since May 25.

       Quite apart from the fundamental question of who is behind the LOU and what does Plaintiff need to do to get paid, there are a number of difficulties with the wording of the LOU proposed by Defendants. As noted to Your Honor in our letter of yesterday, such issues are really best left to be resolved by the parties' London solicitors as the issues regarding the wording arise in the context of English law and arbitration. To that end, Plaintiff's London solicitor has today written again to Defendants' solicitor seeking to work out a suitable agreement as to wording. Given that Plaintiff is willing to accept paper security in a form other than a bond in lieu of $1.1 million in cash, it is necessary that Plaintiff be assured that the LOU is in acceptable form to meet its needs.

       Responding to Defendants' point that further funds have been restrained since the conference on June 1, in <u>HBC Hamburg Bulk Carriers GmbH & Co. KG v. Proteinas y Oleicos S.A. de C.V.</u>, 2005 U.S. Dist. LEXIS 8009 (S.D.N.Y. May 4, 2005), the court held that a plaintiff may continue to restrain funds of a defendant up to the full amount of security set forth in the Court's order. Here, Plaintiff has not yet achieved full security. The fact that the continued restraint of their funds is causing a problem for Defendants is no different than Plaintiff's problem resulting from Defendants' failure to pay amounts due and owing under the charter party. Moreover, the financial difficulty caused to Defendants is yet more evidence of the need for Plaintiff to obtain solid security for its claims.

       We respectfully submit that the issues raised by Defendants' letter of yesterday are capable of being resolved by the parties' respective London solicitors, and that by all accounts the solicitors are, in fact, moving toward resolution.

---

[1] Given the numerous questions as to the status of Syndicate 1036, sanctions under Rule 11 as suggested by opposing counsel are clearly not warranted. The allegation that undersigned counsel failed to make a reasonable inquiry before making a representation to the Court is regrettable and untrue.

[2] The LOU is purported to be given on behalf of the Charterers P&I Club (which is a brand name for a liability policy and not a separate legal entity). The LOU is suggested to be signed by Michael Else & Company (the exclusive underwriting agents for the policy) on behalf of C.R. O'Farrell Syndicate 1036. That entity is no longer writing policies as an independent syndicate but now is said to operate as a "sub-syndicate" within "umbrella syndicate 2999". The Umbrella Syndicate is in turn managed by agents Limit Underwriting Limited, which is part of QBE European Operations, a division of the QBE Insurance Group.

NYDOCS1/284600.1

FREEHILL HOGAN & MAHAR LLP

Hon. John G. Koeltl     3
June 5, 2007

We thank the Court for its courtesy and attention to the foregoing.

Respectfully,
FREEHILL HOGAN & MAHAR

Michael E. Unger

MEU/mc

cc:     By Email
       Mary Ann Marlowe, Esq.
       Keane & Marlowe, LLP

NYDOCS1/284600.1