UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DEVAL DENIZCILIK VE TICARET A.S.

     Plaintiff

- against -

REPINTER INTERNATIONAL SHIPPING CO. S.A. and
MIACHART CORPORATION LLC

Defendants

_____

'EXHIBIT 3 to the Declaration of Epaminondas G. Arghyrakis
Dated 29.06.07

_____

TISDALE & LENNON    Fax:203-256-1641    Apr 19 2007 01:49pm P001/019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

BELARUSSIAN SHIPPING CO.,

       Plaintiff,

    - against -

REPINTER INTERNATIONAL
SHIPPING CO. LTD. and
MIACHART CORPORATION,

       Defendants.
------------------------------------------------------X

**07 CV 3151**

07 CV
ECF CASE

JUDGE SWAIN

APR 19 2007

## VERIFIED COMPLAINT

Plaintiff, BELARUSSIAN SHIPPING CO. (hereafter referred to as "BSC" or "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendants, REPINTER INTERNATIONAL SHIPPING CO. LTD. (hereafter referred to as "Repinter") and MIACHART CORPORATION (hereafter referred to as "Miachart")(collectively referred to as "Defendants") alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

    3.    At all material times, Plaintiff was, and still is, the charterer of the vessel "M/V ORHAN DEVAL" (hereinafter the "Vessel").

    4.    Upon information and belief, Defendant Repinter was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law.

    5.    Further, at all material times, Defendant Repinter was the disponent owner of the Vessel.

6.    Pursuant to a time charter party dated April 13, 2006, Plaintiff time chartered the Vessel from Repinter "trading always via safe berth(s) and or safe anchorage(s) in safe port(s) always afloat worldwide."

7.    Certain disputes arose between the parties regarding Repinter's breaches of the charter party including but not limited to the breach of stevedore damage provisions contained in the charter party and failure to make significant repairs necessary for the Vessel to sail.

8.    Wrongfully and in breach of the charter party such repairs have not been completed and, under protest, the Plaintiff is now, arranging sufficient repairs to enable the Vessel to sail.

9.    As a result of the breaches the Plaintiff has been deprived of the use of the Vessel and there is no longer sufficient time to complete a further voyage under the terms of the time charter party. As a consequence, Plaintiff is now forced to redeliver the Vessel to Repinter.

10.    As a result of Repinter's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $260,994.09 exclusive of interest, court costs and attorneys fees.

11.    Pursuant to the charter party contract, all disputes arising thereunder are to be submitted to London Arbitration with English law to apply.

12.    The Plaintiff will soon commence London Arbitration proceedings against the Repinter in accordance with the terms of the contract.

13.    Despite due demand, the Repinter has failed to pay the amounts due and owing under the contract.

14.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

|  |  |  |
|---|---|---|
| A. | Principal claim: | $260,994.09 |
| B. | Estimated interest on claim:<br>3 years at approximately 6.5% | $54,328.02 |

|  |  |  |
|---|---|---|
| C. | Estimated Attorneys' Fees and Costs: | $75,000.00 |
| **Total** | | $390,322.11 |

15.    Upon information and belief, Defendant Miachart acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Repinter and/or receive payments being made to Defendant Repinter.

16.    Upon information and belief, Defendant Repinter uses Defendant Miachart as a "pass through" entity such that it can insulate itself from creditors relating to its commercial obligations.

17.    It is not common practice in the maritime industry for an independent company to pay another company's debt, where it has no formal relationship to the underlying charter party.

18.    The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendants.

19.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

3

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendants, in the amount of $390,322.11 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.    That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.    That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated: New York, New York
    April 19, 2007

The Plaintiff,
BELARUSSIAN SHIPPING COMPANY,

By: _____

Patrick F. Lennon (PL 2162)
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-lennon.com
ttisdale@tisdale-lennon.com

5

## ATTORNEY'S VERIFICATION

State of New York    )
                     )      ss.:    City of New York
County of New York  )

1.    My name is Patrick F. Lennon.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:       New York, New York
             April 19, 2007

                                        _____
                                        Patrick F. Lennon

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DEVAL DENIZCILIK VE TICARET A.S.

     Plaintiff

- against -

REPINTER INTERNATIONAL SHIPPING CO. S.A. and
MIACHART CORPORATION LLC

    Defendants

_____

EXHIBIT 4 to the Declaration of Epaminondas G. Arghyrakis
Dated 29.06.07

TISDALE & LENNON     Fax: 203-254-1641     Apr 19 2007 01:52pm P005/016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------X

BELARUSSIAN SHIPPING CO.,

       Plaintiff,

  - against -

WAJILAM EXPORTS (SINGAPORE)
PRIVATE LIMITED a.k.a. WAJILAM
EXPORTS PTE. LTD.,

       Defendant.

----------------------------------------------X



07 CV 5152
ECF CASE



JUDGE LYNCH



RECEIVED
APR 19 2007
U.S.D.C. S.D.N.Y.
CASHIERS

### VERIFIED COMPLAINT

    Plaintiff, BELARUSSIAN SHIPPING CO. (hereafter referred to as "BSC" or "Plaintiff"),

by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the

Defendant, WAJILAM EXPORTS (SINGAPORE) PRIVATE LIMITED a.k.a. WAJILAM

EXPORTS PTE. LTD. (hereafter referred to as "Wajilam") alleges, upon information and belief, as

follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign company

duly organized and operating under foreign law.

    3.    At all material times, Plaintiff was, and still is, the disponent owner of the vessel

"M/V ORHAN DEVAL" (hereinafter the "Vessel").

    4.    Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity, organized under, and existing by virtue of foreign law with a principal place

of business in Singapore.

    5.    Further, at all material times, Defendant was the charterer of the Vessel.

6.    Pursuant to a time charter party dated January 8, 2007, Plaintiff chartered the Vessel to the Defendant for one time charter trip with logs.

7.    Certain disputes arose between the parties regarding the Defendant's breaches of the charter party including the wrongful redelivery of the vessel, failure to pay hire and repair costs.

8.    As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the amount of $899,566.10 plus liability for costs in the estimated sum of $300,000 to non-parties Repinter Shipping, disponent owners, and Deval Shipping, head owners, for a total principal amount of $1,199,566.10, exclusive of interest, court costs and attorneys fees.

9.    Pursuant to the charter party contract, all disputes arising thereunder are to be submitted to London Arbitration with English law to apply.

10.    The Plaintiff will soon commence London Arbitration proceedings against the Defendant in accordance with the terms of the contract.

11.    Despite due demand, the Defendant has failed to pay the amounts due and owing under the contract.

12.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $1,199,566.10 |
| B. | Estimated interest on claim: 3 years at approximately 6.5% | | $249,699.35 |
| C. | Estimated Attorneys' Fees and Costs: | | $200,000.00 |
| Total | | | $1,649,265.40 |

13.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held

2

in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

14.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

WHEREFORE, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendant, in the amount of $1,649,265.40 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

3

C.     That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D.     That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.     That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.     That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       April 19, 2007

The Plaintiff,
BELARUSSIAN SHIPPING COMPANY.,

By: _____
Patrick F. Lennon (PL 2162)
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-lennon.com
ttisdale@tisdale-lennon.com

4

TISDALE & LENNON        Fax:203-254-1641        Apr 19 2007 01:53pm  P009/016

## ATTORNEY'S VERIFICATION

State of New York    )
                     )        ss.:    New York
County of New York  )

1.     My name is Patrick F. Lennon.

2.     I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.     I am a Partner in the firm of Tisdale & Lennon, LLC, attorneys for the

Plaintiff.

4.     I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information and

belief.

5.     The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.     The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents and/or

representatives of the Plaintiff.

7.     I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        New York, New York
              April 19, 2007

                                        _____
                                        Patrick F. Lennon

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEVAL DENIZCILIK VE TICARET A.S.

     Plaintiff

- against -

REPINTER INTERNATIONAL SHIPPING CO. S.A. and
MIACHART CORPORATION LLC

    Defendants

---

EXHIBIT 5 to the Declaration of Epaminondas G. Arghyrakis
Dated 29.06.07

10/05/2007  14:19    902166511677                DEVAL SHIPPING                        PAGE  04

**[OP2]**
**To:** "SSY VANCOUVER" <shipping@ssycanada.com>, "SSY VANCOUVER" <tolga_ssy@hotmail.com>
**Subject:** MV "ORHAN DEVAL" - A/C REPINTER INTL - C/P DTD 13.04.2006
**Sent:** 09-05-2007 18:57:53

REF: 0749280-OP1 09-05-07/18:57:53


LEVENT Shipping  - Istanbul

Tel: +90 216 6510126/27 Fax: +90 216 6510128 Tlx:29160/36757
INTERNET E-MAIL: LEVENT@TURKTEL.NET  COMTEXT E-MAIL:A45TR616


TO : SSY - VANCOUVER ATTN: TOLGA


RE : MV "ORHAN DEVAL" - A/C  REPINTER  INTL  -  C/P DTD 13.04.2006
==  DEL DOP BRUNSWICK - PERIOD  T/C 9/12 MOS +/- 15 DYS IN CHOPT

RCVD FOLL FM THE OWNRS.

QTE
---

WE REFER TO CHRTRS MSG DATED 07TH MAY 2007 AT 17:28 HRS.

WE HAVE NOTED THAT THE CHRTRS DO NOT ADDRESS THE MATTERS RAISED BY
OWNS IN THEIR MESSAGE OF 05TH MAY 2007.

1.OWNS NOTE ALSO CHRTRS INTENTION TO MAYBE CHANGE THEIR STORY WHEN
  IT COMES TO ARBITRATION.

2.OWNERS CLAIM CHRTRS ABANDONED THE SHIP IN EGYPT BECAUSE:

  A.CHRTRS FAILED TO GIVE THE VSL ANY LAWFUL (OR ANY) INSTRUCTIONS.
  B.CHRTRS HAS THE VESSEL WAITING  FOR  22  DAYS WITHOUT  EFFECTING
    REPAIRS AFFECTING SEAWORTHINESS AND VESSEL'S TRADING CAPABILITY
    AS THEY OBLIGED TO DO UNDER THE C/P.
  C.CHRTRS FAILED TO BUNKER THE VSL, ALTHOUGH THEY DEDUCTED BUNKERS
    THEY WOULD SUPPLY FROM HIRE.
  D.INDEED, CHRTRS FAILED TO PAY FULL HIRE DUE TO OWNS.
  E.CHRTRS FAILED TO CLEAR THE VSL THROUGH SUEZ.

  WHAT IS CHRTRS RESPONSE TO EACH OF THE ABOVE, PLSE??

3.WE HAVE  DENIED  SEVERAL  TIMES ALREADY  THAT MASTER ACCEPTED ANY
  PAYMENT (WHETHER  IN F+F SETTLEMENT OR  OTHERWISE). PLSE  EITHER
  PRODUCE YOUR CONTRARY EVIDENCE OR ABANDON THIS POINT.

4.WE HAVE ALSO DENIED THAT VESSEL  HAS  REPAIRED OLD DAMAGE FOR WHC
  CHRTRS ARE  CHARGED. AGAIN, PLSE EITHER  PRODUCE YR EVIDENCE (YOU
  SAID PHOTOGRAPHIC PREVIOUSLY) OR ABANDON THIS POINT.

5.IT IS CLEAR, PER ABS  REPORTS  PASSED TO CHRTRS  THAT THE DAMAGE
  DID AFFECT VESSEL'S SEAWORTHINESS AND TRADING CAPABILITIES. OWNS
  SIMPLY FAIL TO  UNDERSTAND  BASIS OF  CHRTRS PERSISTENT DENIAL OF
  THIS OBVIOUS FACT.

REF:074928                      19:48:52                      Page 1 of 2

6.PLS ALSO PRESENT YR EVIDENCE THAT  MASTER FAILED TO ASSIST CHRTRS
  TO EFFECT  REPAIRS (ALTHOUGH OWNS UNCERTAIN AS TO WHAT ASSISTANCE
  CHRTRS ENTITLED TO IN THIS RESPECT - PLSE CLARIFY)

7.THE  CHRTRS  FAILED TO  FULFIL  THEIR  OBLIGATIONS FROM  THE  C/P
  CONSEQUENTLY THE  OWNRS HEAVLY DAMAGED. TFORE THE PART TO PROVIDE
  SECURITY IS CHRTRS BUT NOT THE OWNRS AS THEIR  MONEY  IS STILL IN
  THE POSESSION OF THE CHRTRS.

8.FINALLY  OWNERS PRESUME THAT MIACHART  ARE SENDING THESE MSGES AS
  THE C/P GUARANTOR. PLSE CONFIRM.

OWNERS NOW  AWAIT A  POINT-BY-POINT  REPLY  TO  THE ABOVE, WITH ALL
SUPPORTING EVIDENCE WHICH CHRTRS SAY THEY HAVE.

+-+
RGDS
OPR.

UNQTE
-----

-+-
RGDS
CAPT.CUNEYD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEVAL DENIZCILIK VE TICARET A.S.

     Plaintiff

- against -

REPINTER INTERNATIONAL SHIPPING CO. S.A. and
MIACHART CORPORATION LLC

Defendants

---

EXHIBIT 6 to the Declaration of Epaminondas G. Arghyrakis
Dated 29.06.07

---

**[CBK]**
**From:** "Tolga Acar" <shipping@ssycanada.com>
**To:** <undisclosed-recipients:>
**Subject:** MV Orhan Deval / Repinter Intl - CP dd 13 Apr `06
**Received:** 10-05-2007 08:01:22

FROM: SSY VANCOUVER

PHONE: (604) 688 6244  - FAX: (604) 688 0286
E-MAIL : SHIPPING@SSYCANADA.COM

DATE: 5/9/2007 1:23:28 PM
REF : TA2993640


Cuneyd Kapt / Tolga

MV Orhan Deval / Repinter Intl - CP dd 13 Apr `06


Pls note folwg fm Chtrs;

Qte//

MV Orhan Deval / Repinter Intl - CP dd 13 Apr `06


Charterers are in receipt of Owners' last which crossed with
Charterers' own message requesting Owners' FHS and the Suez Canal D/A
for comparison with Charterers' own. Please also provide the precise
time and date the vessel sailed for her next employment as per Owners'
earlier message advising that the vessel had now sailed, so that the
redelivery point can be set for final account purposes.

Although Owners failed to provide Charterers with the necessary
information regarding the vessel's movements and itinerary to enable
Charterers to rebunker the vessel prior to redelivery, an appropriate
credit for bunkers + the Suez transit fees will be made when
Charterers draw up their FHS.

As to the balance of Owners' email, Owners now know the case made
against them. Charterers see no point in debating the matter further
in correspondence and will not do so. If Owners genuinely believe they
have a claim, they are free to set their case out in their claims
submissions. To this end, if Owners intend to commence proceedings,
please would they nominate their arbitrator.

Rgds,
Miachart


Uqte//


Thks & B Rgds

Tolga Acar


                              10:25:46                    Page 1 of 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEVAL DENIZCILIK VE TICARET A.S.

     Plaintiff

- against -

REPINTER INTERNATIONAL SHIPPING CO. S.A. and
MIACHART CORPORATION LLC

Defendants

---

EXHIBIT 7 to the Declaration of Epaminondas G. Arghyrakis
Dated 29.06.07

**[OP2]**
**From:** "Tolga Acar" <shipping@ssycanada.com>
**To:** <undisclosed-recipients:>
**Subject:** MV Orhan Deval / Repinter Intl - CP dd 13 Apr `06
**Received:** 07-04-2007 08:01:02

FROM: SSY VANCOUVER

PHONE: (604) 689 6244  - FAX: (604) 688 0286
E-MAIL : SHIPPING@SSYCANADA.COM

DATE: 4/6/2007 6:49:53 PM
REF : TA2935925


Cuneyd Kapt / Tolga

MV Orhan Deval / Repinter Intl - CP dd 13 Apr `06


Pls note folwg statement recvd today fm Chtrs;

Qte//



PLS NOTE THE FOLLOWING UPDATED HIRE STATEMENT SHOWING HIRE PAID UPTO
APRIL 26TH.

BRGDS,
MIACHART

Prelim Hire Statement:  M/V ORHAN DEVAL

DEL:4/25/2006 20:50GMT
REDEL:4/26/2007 20:50GMT
=366.00000Days @ USD$    10,200.00
$3,733,200.00

LESS OFFHIRE:


TOTAL HIRE:                    366.00000
$3,733,200.00
LESS:
2.50%address comm.-93,330.00
1.25%address comm.-46,665.00
1st HIRE-348,972.23
2nd HIRE-154298.65
3rd HIRE-150,370.23
4th HIRE-148,002.22
5th HIRE-148,002.23
6th HIRE-151,502.23
7th HIRE-148,002.22
8th HIRE-148,002.23
9th HIRE-151,502.22
10th HIRE-148,002.23
11th HIRE-148,002.23

REF:084735@                    12:04:29                    Page 1 of 3

```
12th HIRE-151,502.22
13th HIRE-148,002.23
14th HIRE-148,002.23
15th HIRE-151,502.22
16th HIRE-148,002.23
17th HIRE-148,002.22
18th HIRE-148,002.23
19th HIRE-151,502.22
20th HIRE-148,002.23
21st HIRE-151,502.23
22nd HIRE-148,002.22
23rd HIRE-148,002.23
24th HIRE
PRELIMINARY HIRE PAYMENT


BUNKERS ON DELIVERY
IFO (mt)529.863AT    USD  $350.00185,452.05
MDO (mt)34.626AT    USD  $630.0021,814.38

BUNKERS ON REDELIVERY
IFO (mt)529.863AT    USD  $350.00-185,452.05
MDO (mt)34.626AT    USD  $630.00-21,814.38

BUNKERS OVER CONSUMED
IFO (mt)AT    USD  $0.00
MDO (mt)AT    USD  $0.00


I.L.O.H.C.
CHARTERERS EXPS    $1,500 per Mo. X 12/365 X Days
18,049.32
INTERME H.C.3,500.00
INTERME H.C.3,500.00
INTERME H.C.3,500.00
INTERME H.C.3,500.00
INTERME H.C.3,500.00
INTERME H.C.3,500.00
INTERME H.C.3,500.00

OWNER EXPENSES:
IMMINGHAM - FW-1,132.00


FINAL BALANCE DUE CHARTERERS(-)/OWNERS(+):
$-63.31


Bank:GARANTI BANKASI ALTUNIZADE BRANCH/ISTANBUL

Swift:TGBATRIS
Account:9004781 / USD E
Beneficiary DEVAL DENIZCILIK VE TIC A.S.
RefM/V ORHAN DEVAL / REPINTER

Ref:1742374
```

Uqte//

Thks & B Rgds

Tolga Acar
SSY Vancouver
Dir: +1 - 604 - 688 6244
Mob: +1 - 604 - 992 9769
shipping@ssycanada.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DEVAL DENIZCILIK VE TICARET A.S.

     Plaintiff

- against -

REPINTER INTERNATIONAL SHIPPING CO. S.A. and
MIACHART CORPORATION LLC

Defendants

_____

EXHIBIT 8 to the Declaration of Epaminondas G. Arghyrakis
Dated 29.06.07

_____

```
===========================================================================
  Message Printed    on 5/28/2007 3:27:14 PM  by TA     RefNum:TA3016380
  From/To: Levent Istanbul
===========================================================================
```

FROM: SSY VANCOUVER

PHONE: (604) 688 6244  - FAX: (604) 688 0286
E-MAIL : SHIPPING@SSYCANADA.COM

DATE: 5/22/2007 10:47:30 AM
REF : TA3016380


Cuneyd Kapt / Tolga

MV Orhan Deval / Repinter Intl - CP dd 13 Apr `06

Pls find here Chtrs reply to Owns msge today;

Qte//


From: BBT Tradeships <bbt@tradeships.com>
To: "Simpson, Spence &amp; Young (Canada)" <SHIPPING@SSYCANADA COM>
Subject: LN-0522.077 tolga    recvd foll
Date: Tue, 22 May 2007 13:18:31 -0400


Our Ref:LN-0522.077  May-22-07 13:18 Eastern Daylight Time

tolga    recvd foll

Charterers are in receipt of Owners' last. Charterers' own FHS will
follow in due course, but Charterers reject any responsibility for the
cost and time spent on the "repairs", which are wholly for Owners'
account.

How Owners think they can claim for time at anything other than the
Charter rate is not understood. No notice of withdrawal was ever given
to Charterers, and the surprising assertion in the final hire
statement that the vessel was redelivered on 24th April is wholly at
odds with the contemporary exchanges. The Charter clearly came to an
end on 5th May, when Owners sent her to the Black Sea to perform a
voyage for her new Charterers.

As to Owners' unreasonable insistence on a bank guarantee to lift the
Rule B attachment in New York, Charterers will now apply to have the
attachment vacated and for an order that Owners be forced to provide
counter-security. Your New York lawyers will be hearing from ours.

Rgds,
Miachart