USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DEVAL DENIZCILIK VE TICARET A.S.,   07 CIV 3397 (JGK)

              Plaintiff,   **CONSENT ORDER**

   -against-

REPINTER INTERNATIONAL SHIPPING CO.
S.A. and MIACHART CORPORATION LLC,

             Defendants.
----------------------------------------------------------x

WHEREAS, on April 30, 2007 Plaintiff filed its Verified Complaint against Defendants and simultaneously filed an application for an attachment pursuant to Rule B to restrain property of the Defendants up to the full amount of its alleged claim, $1,187,769.26; and

WHEREAS, Plaintiff alleged in its Verified Complaint that the underlying dispute between Plaintiff Deval Denizcilik ve Ticaret A.S. ("Deval") and Defendant Repinter International Shipping Inc. ("Repinter") was based on a charter party that, in Plaintiff's view, was guaranteed by Defendant Miachart Corporation LLC ("Miachart") that contained a law and arbitration clause that required that all disputes be resolved by arbitration at London, England pursuant to English law; and

WHEREAS, based upon the *ex parte* application to this Court by the Plaintiff it appeared that the conditions required for a Rule B attachment existed, this Court issued on May 2, 2007 an Order authorizing *inter alia* the restraint of the Defendants' property within this District and the Clerk issued Process of Maritime Attachment and Garnishment consistent with that Order; and

NYDOCS1/286516.1                     1

WHEREAS, Plaintiff thereafter served the Process of Maritime Attachment and Garnishment on garnishee banks within this District and successfully restrained property in the form of electronic funds transfers to and from Defendant Miachart; and

WHEREAS, on May 22, 2007 Defendants filed their Answer to the Complaint and asserted Counterclaims against Plaintiff (to which Counterclaims Plaintiff has now responded); and

WHEREAS, on June 1, 2007 Defendants moved this Court for an Order to Show Cause why the Plaintiff should not be compelled to accept a letter of undertaking ("LOU") and the attachment vacated as a result, and why Plaintiff should also not be compelled to provide counter-security; and

WHEREAS, by agreement of the parties, the Court bifurcated the issue of the LOU and vacature of the attachment from the issue of counter-security; and

WHEREAS, the parties dispute the sufficiency of the LOU to serve as substitute security for the funds that had been restrained; and

WHEREAS, by facsimile dated July 4, 2007, Defendants notified Plaintiff that they were withdrawing the LOU and tendering a bond issued by an "authorized surety" within the scope of Local Rule 65.1.1, in the full amount of Plaintiff's alleged claim in order to allow for the vacature of the attachment;

WHEREAS, between July 5 and 6, 2007 Plaintiff advised Defendants of certain concerns regarding the sufficiency of the bond, including the lack of an irrevocable agent for service of process for the bond in the United Kingdom and the position asserted by Miachart in the London arbitration that it was not Repinter's guarantor under the charter party contract; and

NYDOCS1/286516.1

2

WHEREAS, an irrevocable agent for service of process for the bond has been appointed in the United Kingdom; and

WHEREAS, Miachart has never refused to arbitrate in London with Deval in respect of Deval's claims and Repinter/Miachart's counterclaims arising out of the charter of the M/V ORHAN DEVAL dated April 13, 2006, and hereby confirm their willingness to do so, and in light of the parties' stipulation regarding the bond tendered, Miachart has waived the defense that it is not the guarantor of Repinter with respect to the charter party contract; and

WHEREAS the original bond has been received by Deval's New York attorneys; and

WHEREAS, pursuant to Rule E(5), Deval is compelled to and does accept the bond proffered by Defendants;

NOW, THEREFORE, it is hereby *on consent of the parties,*

ORDERED that garnishee Bank of America, N.A. (and any other garnishee who holds property of the Defendant pursuant to the attachment in this matter) release the Defendants' property pursuant to the instructions of Defendants' counsel; and it is hereby further

ORDERED that Plaintiff issue to all garnishees served with a copy of the Process of Maritime Attachment and Garnishment in this action, regardless of whether any such garnishee is actually holding any property of the defendant, with directions to cease and desist any efforts to restrain property of the Defendants with respect to this action and are to release any property of the Defendants held pursuant to this action in keeping with the instructions of Defendants' counsel; and it is hereby further

ORDERED by consent that given the foregoing the aspect of Defendants' motion concerning the LOU and the vacature of the attachment is hereby DISMISSED; the attachment Order of April 30, 2007 is VACATED; and the hearing previously scheduled for July 11, 2007 is hereby CANCELLED.

SO ORDERED.

Dated: New York, New York
       July 10, 2007

_____
The Hon. John G. Koeltl, U.S.D.J.